### SISCO v. CHAS. KURZ & CO. et al.

No. 95 of 1950.

United States District Court
E. D. Pennsylvania.

Oct. 3, 1950.

---

1. No opinion for publication.

William M. Alper (of Freedman, Landy & Lorry), Philadelphia, Pa., for plaintiff.

Robert Cox (of Krusen, Evans & Shaw), Philadelphia, Pa., for defendants.

WELSH, District Judge.

The instant motion to produce under the provisions of Admiralty Rule 32, 28 U.S. C.A., was filed by libellant. The respondent has interposed several objections to the motion of libellant. These are discussed and disposed of below.

1. On the ground that libellant has failed to show "good cause" respondent objects to the production of the letter addressed to respondent dated December 2, 1949, signed by the Captain, the statement of Chief Mate dated December 2, 1949, and the statement signed by the libellant in the possession of the respondent.

■ It is clear that a showing of "good cause" is necessary before relief is authorized under Admiralty Rule 32. A determination of what constitutes "good cause" is dependent upon the facts and circumstances of a particular case. In discussing Admiralty Rule 32 and the corresponding Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A., Judge Maris, in Alltmont v. United States, 3 Cir., 177 F.2d 971, 978, stated the law in the following fashion: "But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying."

In view of the law the question to be determined then is: "Has the libellant shown special circumstances as to justify the production of the statements and letter for his inspection or copying?"

■ (a) With respect to the letter of the Captain he has not. The supporting affidavit of libellant's attorney shows only that a letter addressed to the Captain requesting a reply containing said Captain's knowledge as to the facts involved has gone unanswered and that libellant is financially unable to take the deposition of said Captain. In the opinion of the Court such circumstances are insufficient to meet the "good cause" test required by Admiralty Rule 32. It is still possible for libellant or his attorney in advance of the trial to interview the Captain or to seek relief under other discovery procedures.

■ (b) With respect to the statement of the Chief Mate he has not. Here again the supporting affidavit shows only that libellant's attorney has been unable to obtain a statement from the Chief Mate as the latter has not answered a letter addressed to him requesting a statement containing his knowledge of the facts of the present suit and that libellant is without funds to take the deposition of the Chief Mate. For the reason outlined in paragraph (a) we conclude libellant is not entitled to inspect or copy the statement of the Chief Mate and therefore the respondent will not be obliged to produce same. In connection with the statement of the Chief Mate the supporting affidavit also shows that the Chief Mate lives in Biloxi, Mississippi. That fact does not affect our conclusion for it does not necessarily preclude libellant from employing, in advance of trial, other methods of discovery.

■ (c) With respect to libellant's own statement he has not. The supporting affidavit shows that libellant does not recall signing a statement and wishes to inspect the statement purportedly signed by him to determine whether or not his signature was forged. Such circumstances are insufficient, we think. It appears to the Court that the libellant would like to examine the statement for the purpose of assisting him in his testimony at trial. However, the Court feels that the libellant should be permitted to examine the signature to determine whether or not it was forged, and accordingly respondent will produce the statement of libellant for that limited purpose. See Hudulla v. Chicago, Milwaukee, St. Paul R. R. & P. R. Company, D.C., 10 F.R.D. 363; Raudenbush v. Reading Co., U.S.D.C.E.D., 9 F.R.D. 670.

■ 2. On the ground that the documents or records are not relevant the respondent objects to the production of (1) plans of the vessel's construction after alterations to quarters made in 1948, presently on file in the Maintenance and Repair Department of Keystone Shipping Company, and (2) plans and specifications on file in the Maintenance and Repair Department of Keystone Shipping Company, covering remodeling of quarters in August, 1948, and including heating arrangements for cargo tanks and crew's quarters.

We think the objection has little merit. Most of the repairs and alterations if taken individually would appear not relevant to the issues raised. However, if taken in their entirety they could be relevant to prove the allegation in paragraph 5 of the Libel which charges that "During the course of his employment aboard said vessel, libellant was provided with sleeping quarters which were constantly damp and improperly ventilated and heated, as a

result of which he sustained the injuries and illnesses more specifically hereinafter set forth". Accordingly, respondent will produce the plans and specifications of alterations and construction of the vessel.

3. Respondent argues that it is not obliged to produce the rough deck log because same is aboard the vessel where it remains in accordance with the law. As we understand it, the respondent argues that it is impossible for it to produce the rough deck log. However that may be, the libellant is enttiled to inspect or copy the rough deck log which is in the possession and control of the respondent and the Court will make an appropriate order with respect to it after the respondent has filed with the Court an affidavit as to the present location of the vessel and its itinerary in the immediate future.

4. All other documents or records which are included in the instant motion have been produced or will be produced.

5. Accordingly, libellant's motion to produce is in part denied and in part granted.

An order in conformity with the foregoing opinion will be prepared and presented.