Rosell Unemployment Compensation Case.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Stanley M. Greenberg,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

Harry F. Rosell was an employe of Abbotts Dairies, working on the night shift. On June 15, 1956, he terminated his employment, alleging as his reason that he could not sleep in the daytime. His application for benefits was disallowed by the Bureau, Referee, and Board of Review under Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. 802(b). This appeal followed.

It is appellant's position that work on the night shift was not suitable for him because of a service-connected nervous condition. However, he was not under the care of a physician, and had previously worked on the evening shift without difficulty. He offered no medical testimony other than a letter from the Veterans' Administration. This letter indicated prior treatment, but in no way established that appellant's condition was aggravated by work on a particular shift. The factual finding by the compensation authorities was that appellant voluntarily terminated his employment merely because he was dissatisfied with the night shift, and

that he did not have cause of a compelling and necessitous nature.

Determination of the condition of health and the suitability of the work offered, considering the status of health, are questions of fact, findings as to which will not be disturbed by the appellate court on review if they are supported by substantial competent evidence: *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397. We must consider the testimony in the light most favorable to the party in whose favor the compensation authorities have found, bearing in mind that the credibility of witnesses, the weight of the testimony and the reasonable inferences to be drawn from it are for the compensation authorities: *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. The burden is upon the employe to justify his voluntary termination of the employment: *Novell Unemployment Compensation Case,* 174 Pa. Superior Ct. 179, 100 A. 2d 118. His conduct must meet the standards of ordinary common sense and prudence, and must be grounded upon good faith: *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405; *Carpenter Unemployment Compensation Case,* 178 Pa. Superior Ct. 639, 115 A. 2d 901; *Welker Unemployment Compensation Case,* 180 Pa. Superior Ct. 534, 119 A. 2d 658; *Goldstein Unemployment Compensation Case,* 181 Pa. Superior Ct. 255, 124 A. 2d 401.

The decisions relied upon by counsel for appellant are not controlling. They involve situations in which past experience indicated that a particular type of work was unsuitable. See *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A. 2d 259; *Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A. 2d 666; *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A. 2d

92. In the situation presently under consideration, appellant does not object to a particular type of work, but to a particular shift. The instant situation more closely resembles that in *Kelter Unemployment Compensation Case*, 181 Pa. Superior Ct. 67, 121 A. 2d 907, in which we approved the denial of benefits to a claimant who refused to work the night shift.

Decision affirmed.