## Mollo Unemployment Compensation Case.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Betty H. Mollo,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 16, 1958:

The claim of Betty H. Mollo for unemployment compensation was denied by the Bureau, the Referee, and the Board of Review upon the ground that her unemployment was due to voluntarily leaving work, wherefore she was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law. Act of 1936, P. L. [1937] 2897, 402(b), 43 P.S. 802(b). Claimant has appealed.

Appellant had a valid separation from her employment with Roth Knitting Mills, 2025 East Boston Avenue, Philadelphia, and was thereafter referred to. Sue Mattioli, 1101 Chestnut Street, Philadelphia. The Board of Review made, inter alia, the following findings of fact:

"2. Claimant was hired on August 5, 1957, and worked two hours. She worked 8½ hours on August 6, 1957, and received $11.20 for the hours worked.

"3. On August 6, 1957, after working a total of ten and one-half hours for this employer, claimant voluntarily terminated her employment, contending that as a result of her inexperience in operating a twin stitch sewing machine she was not making sufficient wages."

Appellant's contention is apparently based upon the fact that her former employment was single knit mending with "gray" yarn on a time basis, whereas her employment with Sue Mattioli was twin knit mending with dyed yarn upon a piece work basis. The employer stated that appellant first said "that it was very nice work and she liked it very much", and later said "she would not be in the next day because she had made plans to go down to the shore but would be in Thursday". Appellant stated that she decided the work was too hard and the pay too low, and that she had notified the employer of that fact by telephone. However, the employer stated that appellant did not telephone but simply "never came back". The Board concluded that "such a short period of time does not constitute a fair trial of her job", and that appellant's termination of her employment was not based on cause of a compelling and necessitous nature.

In unemployment compensation cases, the credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for

the Board, and it is the duty of the appellate court to view the evidence in the light most favorable to the party in whose favor the Board has found: *McGinnis Unemployment Compensation Case,* 184 Pa. Superior Ct. 95, 132 A. 2d 749. Our review in the case at bar indicates that the Board's findings and conclusions are supported by the record. The burden was upon appellant to justify her voluntary termination of employment: *Rosell Unemployment Compensation Case,* 184 Pa. Superior Ct. 556, 135 A. 2d 769. Her reason for leaving work is devoid of the urgency and compulsion necessary to convert a voluntary separation into involuntary unemployment. Dissatisfaction concerning earnings did not place her in the position of being compelled to quit. See *Pusa Unemployment Compensation Case,* 178 Pa. Superior Ct. 348, 115 A. 2d 791.

Decision affirmed.