## Mahaffey Unemployment Compensation Case.

Argued December 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James E. Mahaffey*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WRIGHT, J., December 17, 1958:

James E. Mahaffey was employed as a sales manager by Photo-Marker of Pennsylvania, Inc., 123 East 4th Street, Williamsport. His last day of work was December 7, 1957. His application for benefits was disallowed by the Bureau, Referee, and Board of Review, on the ground that his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature under Section 402(b) of

the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(b). This appeal followed.

Appellant "had a three-state area to cover", and normally worked out of Williamsport. He was paid on a commission basis with a guaranteed minimum of $85.00 per week, plus $10.00 per day subsistence when he was on the road. In the fall of 1957 appellant was assigned to establish a branch office in Philadelphia. Several months later he informed his employer that he could not "afford to continue going down there every week" without additional compensation for car expenses. He requested $40.00 a week retroactive for three months. The employer offered $20.00 a week without the retroactive feature, but appellant was not satisfied with this proposal.

While appellant now attempts to assert that he was discharged, it is clearly apparent from our examination of the record that appellant voluntarily left his employment, and the Board so found.[1] Appellant then advances the following contention: "Assuming, arguendo, that the Appellant quit, did he not have such good cause as would take him out of the general rule and Section 402(b) of the Unemployment Compensation Act as would entitle him to his benefits?" As did the Board of Review, we answer this question in the negative. Dissatisfaction with wages does not constitute cause of a necessitous and compelling nature: *Mollo Unemployment Compensation Case*, 186 Pa. Superior Ct. 86, 140 A. 2d 354.

On this appeal we must consider the testimony in the light most favorable to the party in whose favor the facts have been found, bearing in mind (1) that

---

[1] "Claimant was not discharged or laid off, and continuing work was available for him in Philadelphia".

the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn therefrom are for the unemployment compensation authorities; and (2) that those findings which are supported by competent and substantial evidence are conclusive and binding: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452. The burden was upon appellant to prove that he was entitled to benefits: *Smith Unemployment Compensation Case,* 167 Pa. Superior Ct. 242, 74 A. 2d 523. The Board of Review took the position that appellant had failed to sustain that burden, and we find no reason to disturb its conclusion.

Decision affirmed.