Ray Unemployment Compensation Case.

Argued December 9, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles H. Greenberg,* with him *Robinson, Greenberg & Lipman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellee, submitted a brief.

OPINION BY HIRT, J., March 18, 1959:

Claimant has appealed from the order of the board denying Unemployment Compensation benefits. For 2½ years she had worked as cashier in the "Persian Room", a cocktail lounge, in the Penn-Sherwood Hotel in Philadelphia. Operation of the lounge was discontinued and the Persian Room was closed on February 15, 1958. Claimant then was offered a job as food checker in the kitchen, a position which she had filled while the cocktail lounge was closed for the summer season of 1957. She refused the transfer on the ground that "it was too hot in the kitchen".

The board concluded that claimant, who admittedly terminated her employment voluntarily, had not met the burden upon her of establishing good cause, i.e., cause of a necessitous and compelling nature, in refusing the transfer from the position of cashier in a cocktail lounge to that of food checker in her employer's kitchen. *Kaminski Unempl. Compensation Case,* 174 Pa. Superior Ct. 242, 161 A. 2d 132.

The credibility of the claimant and the reasonable inferences to be drawn from her testimony were for the board. *Ristis Unempl. Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. The board was not obliged to agree with her that the heat of the kitchen in the winter of 1958, would be deleterious to her health. Under settled law, therefore, the validity of the decision of the board is not open to question. Claimant was disqualified under §402(b) of the Unemployment Compensation Law, 43 PS §802(b) ; she did not establish valid cause in law for voluntarily terminating her employment. *Johnson Unempl. Compensation Case,* 182 Pa. Superior Ct. 138, 125 A. 2d 458; *Allen Unempl. Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195; *Wescoe Unemployment Comp. Case,* 166 Pa. Superior Ct. 355, 71 A. 2d 837.

Decision affirmed.