Pierce Unemployment Compensation Case.

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Elizabeth R. Pierce,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

Elizabeth R. Pierce was employed as office manager by Business Machines Supplies, Washington, Pennsylvania. Her last day of work was April 25, 1958. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that her unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature under Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(b). This appeal followed.

The record discloses that appellant was employed for approximately nineteen months at a weekly salary of $60.00. Some ten weeks prior to her last day of work, because of dissatisfaction with her working conditions, appellant admittedly told her employer "to get someone else to replace me". She continued to work until the employer found a replacement, at which time her employment terminated. Appellant's position apparently is that, notwithstanding the notice she gave to her employer, she actually did not quit but was dis-

charged. This controlling issue of fact was determined adversely to appellant's contention.

The burden was upon appellant to prove that she was entitled to benefits: *Simon Unemployment Compensation Case,* 188 Pa. Superior Ct. 613, 149 A. 2d 653. The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board, and it is the duty of the appellate court to view the evidence in the light most favorable to the party in whose favor the Board has found: *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354. We are not at liberty to disturb findings of fact which are supported by competent evidence: *Junda Unemployment Compensation Case,* 188 Pa. Superior Ct. 254, 146 A. 2d 344.

The record in the case at bar does not disclose any circumstances which would indicate that appellant had a sufficient reason to leave her employment. Mere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature. Cf. *Ray Unemployment Compensation Case,* 189 Pa. Superior Ct. 104, 149 A. 2d 536. The Board of Review took the position that appellant had failed to sustain her burden of proof, and we find no reason to disturb its conclusion.

Decision affirmed.