Barittisky Unemployment Compensation Case.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frank Barittisky,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, June 10, 1959:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review denying him benefits on the ground that his unemployment was due to his voluntarily leaving work within the disqualification of section 402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Claimant had been employed as a part-time janitor for Avoca Sportswear Company, Avoca, Pennsylvania. During the winter his weekly rate was $25 for about 25 hours, while for the months from June until September the weekly rate was $15 for about 15 hours. The record shows that claimant had been seeking higher wages for a long time, and in May, 1958, when his request was denied, he voluntarily terminated his employment as he had threatened to do. Two weeks later claimant asked to return to work, but was informed that someone had been hired in his place.

Section 402(b) of the Unemployment Compensation Law provides: "An employe shall be ineligible for compensation for any week— . . . (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . ." It is clear that claimant voluntarily left his employment. Did he do so "without cause of a necessitous and compelling nature"?

"Generally speaking, an employe who is out of work by his own decision is thereby removed from the ambit of the Unemployment Compensation Law." *Horning Unemployment Compensation Case*, 177 Pa. Superior Ct. 618, 621, 112 A. 2d 405, 406. Claimant having voluntarily quit his employment because of the refusal of the employer to increase his wages did so without cause of a necessitous and compelling nature. *Ganzen Unemployment Compensation Case*, 182 Pa. Superior Ct. 149, 126 A. 2d 529.

Apparently the compensation authorities were sympathetic to claimant who was sixty-seven years of age, and who had difficulty in expressing himself in English. However, the evidence fully supports the board's finding that claimant voluntarily quit because the employer would not increase his agreed wages.

The decision is affirmed.