Goldstein Unemployment Compensation Case.

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Marvin Z. Goldstein,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

In this unemployment compensation case, the Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review all concluded that the appellant, Marvin Z. Goldstein, had voluntarily terminated his employment without cause of necessitous and compelling nature, and was ineligible for compensation under the provisions of section 402(b) of the Unemployment Compensation Law, 43 P.S. section 802(b).

The claimant was last employed as a salesman and merchandiser by Sam Goody, Pittsburgh, Pa. His last day of work was April 15, 1957, when he terminated his employment because he was dissatisfied with his working conditions. He was not laid off or discharged and continuing work was available for him had he desired to remain employed. Claimant came to Pennsylvania from Brooklyn, New York, to accept this work and, after terminating his employment, returned to New York. In his statement to the Bureau, claimant gave as his reason for terminating his employment ". . . because I found the general working conditions untenable in the following ways. The store lacked proper ventilation as a result of which I was subject to headaches & personality conflict with the man-

ager . . . I spoke to the manager about the poor ventilation. He said that he was going to do something about it. Nothing was done by the date I had left. Also I could not get along with the manager."

We have frequently held that it is the function of the board to pass upon the credibility of witnesses and to draw inferences therefrom, and we must view the evidence in the light most favorable to the party in whose favor the board has found. *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148; *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354; *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586. We have also held that mere dissatisfaction with working conditions does not constitute cause of a necessitous and compelling nature. *Pierce Unemployment Compensation Case,* supra.

The board found that claimant did not request a leave of absence or consult with his employer in regard to adjusting his work. There is nothing in the record to indicate that had such request been made or had he consulted his employer to adjust his work that the necessary action would have been taken. The complaint about improper ventilation appears to be only an excuse for leaving in view of his statement that he could not get along with the manager. His real reason appears in a statement to the bureau: "I am looking for work in the advertising or editorial field. I am not looking for sales work nor will I accept sales work." The burden was on the claimant to establish that necessitous circumstances compelled the termination of his employment and, in our view, this burden was not met.

Decision affirmed.