## Weinberg Unemployment Compensation Case.

Argued June 10, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Mollie Weinberg*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

In this unemployment compensation case, the referee and the Unemployment Compensation Board of Review ruled that the appellant, Mollie Weinberg, had voluntarily terminated her employment without cause of necessitous and compelling nature and was ineligible for compensation under the provisions of section 402(b) of the Unemployment Compensation Law, 43 P.S. section 802(b).

The claimant was last employed by Reuben H. Donnelly Corporation of Philadelphia, Pa., and her last day of work was August 22, 1958. For four years she was employed as a file clerk and contract verifier during which time she received promotions and merit increases in salary. The employer had in force an insurance and pension plan which was paid for entirely by it, and for this purpose it became necessary to obtain the correct date of birth of all employes. At various times claimant stated that she was born in 1914, 1904, 1902 and 1898. In view of the various conflicting dates given, claimant was requested to furnish some legally acceptable document in which her date of birth may be verified. Finally, she submitted her marriage license in which her birthday was recorded as 1898. The employer accepted the information relative to her date of birth from this license.

The pension plan of the employer provided that employes hired at or beyond the age of fifty-five were not

entitled to participate in the pension benefits. When it was discovered that claimant's age was beyond 55 at the time she was hired, she was requested to sign a waiver stating that she agreed that she was not eligible to be a member of the pension plan and also agreed to terminate her employment at age 65. This waiver was signed August 6, 1958. On August 2, 1958, while being interviewed by a representative of the personnel department, she indicated her dissatisfaction because her employer had checked on her age and requested her to sign a waiver, and she also indicated her intention to resign because the employer took away her pension plan and demoted her. As a matter of fact, claimant was never demoted and claimant was not asked to resign. On this appeal, claimant contended that the reason she left her employment was not to become involved in a sympathy strike which a number of employes wanted to start.

Since the record is clear that the claimant voluntarily left her employment, she had the burden of establishing good cause for the separation. This she failed to establish except to indicate a general dissatisfaction because the pension plan was not applicable to her because of age. We have frequently held that mere dissatisfaction with working conditions does not constitute cause of a necessitous and compelling nature so as to be entitled to unemployment compensation. *Goldstein Unemployment Compensation Case,* 190 Pa. Superior Ct. 67, 151 A. 2d 820; *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148. Claimant's deprivation of possible pension benefits were not brought about by the employer but by her own conduct in failing to reveal her true age. Her testimony does not reveal any facts or circumstances that would establish good cause for leaving her work to join the ranks of the unemployed. The conclu-

sion, therefore, is inescapable that her unemployment was self-willed and not compensable under the provisions of the Unemployment Compensation Law.

Decision affirmed.