## McGinnis Unemployment Compensation Case.

Argued April 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Mary Anne McGinnis*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., June 15, 1960:

The question raised in this unemployment case is whether the claimant, Mary Anne McGinnis, voluntarily resigned from her employment without reasons of compelling and necessitous nature. Claimant was last employed as a secretary in the advertising department of Crucible Steel Company of America on May 28, 1959, at which time she voluntarily resigned her employment because of pregnancy. At the time of her separation, she was physically able to perform her work and her own doctor certified, under date of June 15, 1959, that she was able and available for suitable work. Prior to her resignation, claimant failed to ask for a leave of absence and did not indicate to her employer that she desired to return to work after the birth of her child.

The Bureau of Employment Security concluded that her employment was terminated voluntarily and without cause of a necessitous and compelling nature under section 402(b) of the Unemployment Compensation Law, 43 P.S. section 802(b) and refused compensation. The Referee reversed the Bureau's decision and allowed benefits and, on appeal, the.Board of Review reversed the Referee's decision and denied benefits.

It is the function of the Board of Review to pass upon the credibility of witnesses and to draw reasonable inferences from the testimony submitted. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271; *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380. The findings of fact made by the Board which are based upon competent testimony are binding upon us. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452; *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354. While the testimony in this case is conflicting

as to the issue raised, there is ample credible testimony to sustain the findings of the Board of Review. Claimant failed to establish any necessitous and compelling reason for voluntarily terminating her employment and the only inference which could be drawn fairly was that her unemployment was voluntary in view of her ability to continue performing her regular duties.

Decision affirmed.