## Cook Unemployment Compensation Case.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George Cook,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an appeal from a decision of the Unemployment Compensation Board of Review holding that the claimant voluntarily terminated his employment without cause of a necessitous and compelling nature and was disqualified from receiving benefits under the provisions of §402(b) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(b).

The Board of Review found that the claimant was last employed by Calvin C. Walters of Harrisburg as a service station attendant at the rate of $80.00 per

week. His last day of work was March 30, 1960. The claimant was ill March 31, 1960, and was unable to report for work. His employer was properly notified of the reason for his absence. Not knowing whether or not the claimant would appear for work the next day, the employer made arrangements to have another employe report for the claimant's shift. The claimant did report the following day for his regular shift; but when he was advised that the work schedule had been changed and that he should report for work on the 3:00 p.m. shift, he became angry and immediately quit his employment. Continued employment was available to the claimant.

It is the function of the Board to pass upon the credibility of witnesses and to draw inferences therefrom. We must view the evidence in the light most favorable to the party in whose favor the Board has found. *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

The findings of fact upon which the Board's conclusion is predicated are amply supported by competent and substantial evidence and in the absence of fraud are binding upon this Court on appeal. Section 510 of the Act, as amended, 43 P.S. §830; *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452. Therefore, the exercise of our jurisdiction in this appeal is confined to questions of law. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Under §402(b)(1), 43 P.S. §802(b)(1), an employe is ineligible for compensation for any week "In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." This Court has construed good cause to mean pressure of real, substantial and reasonable circumstances which compel the employe's decision to terminate his employment. Such decision is volun-

tary in the sense that the employe has willed it but involuntary because outward pressures have compelled it. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898. Thus, the termination of the employment relationship must be compelled by "necessitous circumstances." *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195.

Mere dissatisfaction of the claimant with his working conditions does not constitute necessitous circumstances compelling claimant to voluntarily terminate his employment and to recover unemployment compensation. *Goldstein Unemployment Compensation Case,* 190 Pa. Superior Ct. 67, 151 A. 2d 820. Voluntary termination of employment solely because of dissatisfaction with a change in shift does not constitute cause of a necessitous and compelling nature. *Carpenter Unemployment Compensation Case,* 178 Pa. Superior Ct. 639, 115 A. 2d 901.

In the present case it is apparent that the claimant has not sustained the burden of showing good cause. There is no evidence that the employer was arbitrary or unreasonable in changing the shift of the employe or that the change was permanent. The change was necessitated by the employer's lack of knowledge of whether the claimant would return to the job that day. The claimant has shown by his own testimony not that he was discharged but that he voluntarily quit, and he has established no reasonable justification or necessitous circumstances for leaving his employment.

Decision of the Board affirmed.