Patelmo Unemployment Compensation Case.

Argued March 22, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Eugene B. Cortese,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, for appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an appeal from a decision of the Unemployment Compensation Board of Review denying benefits to claimant for the reason that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

Claimant was last employed as a syrup mixer by Day's Beverages, Philadelphia. His last day of work was May 6, 1960. He had worked for this employer for 14 years and his final rate of pay was $2.20 per hour.

At the hearing claimant stated that he left his employment because he was dissatisfied with the system the employer used to keep his time and he was made to work ten to twelve hours a day, six days a week, during certain rush seasons, for which he was paid only straight time.

It is the function of the Board of Review to pass upon the credibility of witnesses and the weight of their testimony and to draw reasonable inferences therefrom in their determination of the facts. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271; *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Those facts, which the Board determines after considering all the evidence, are binding upon this Court. *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452.

Here the Board found as a fact that the claimant was dissatisfied because he was not paid time and a half for hours worked in excess of 40 hours a week and that as a result he voluntarily terminated his employment. The Unemployment Compensation Law, §402(b)(1), 43 PS §802(b)(1), provides, inter alia: "An employe shall be ineligible for compensation for any week— . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."

Mere dissatisfaction on the part of the claimant with his working conditions does not constitute "cause of necessitous and compelling nature" authorizing claimant to voluntarily terminate his employ-

ment and to recover unemployment compensation. *Goldstein Unemployment Compensation Case,* 190 Pa. Superior Ct. 67, 151 A. 2d 820; *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

Dissatisfaction on the part of the claimant concerning earnings does not place an employe in a position of being compelled to quit so as to be entitled to unemployment compensation benefits. *Barittisky Unemployment Compensation Case,* 189 Pa. Superior Ct. 473, 151 A. 2d 874; *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354.

Here the claimant was not laid off or discharged and continuing work was available for him had he desired to remain employed. He stated to the Employment Office interviewer and later signed a written statement as follows: "He [the employer] only paid straight time for all hours over my regular 40 hours. There was no union on this job. This has been going on for 14 years so I asked for time and a half for all hours over 40 and he refused so I left."

A refusal of an employer to increase wages is not a sufficient reason to voluntarily terminate one's employment and become eligible for unemployment benefits. *Ganzen Unemployment Compensation Case,* 182 Pa. Superior Ct. 149, 126 A. 2d 529.

The Bureau of Employment Security, the Referee, and the Board of Review concluded that the claimant had failed to sustain the burden of proving that he was entitled to unemployment compensation benefits; we find no reason to disturb this conclusion.

Decision affirmed.