## Davis Unemployment Compensation Case.

362

Argued April 11, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Kenneth L. Davis,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., June 15, 1961:

Kenneth L. Davis was last employed as a field engineer on construction projects by the Rust Engineering Company, 930 Fort Duquesne Boulevard, Pittsburgh, Pennsylvania. His final day of work was March 29, 1960. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature and that

he was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record clearly discloses that appellant was not laid off or discharged, and that continuing work was available. The burden was therefore upon him to justify his voluntary termination of employment: *Rosell Unemployment Compensation Case*, 184 Pa. Superior Ct. 556, 135 A. 2d 769.

On October 28, 1959, appellant was transferred from the Pittsburgh area to Rome, Georgia, with an increase in base salary from $125.00 to $135.00 per week. In his interview before a representative of the Bureau, appellant made the following statement: "I received an increase in pay . . . but they cut out all my overtime . . . I wrote a letter to the main office about a month before I quit telling them that if I didn't get more money for the responsibility I had, I would leave". It is well settled that dissatisfaction concerning earnings does not place an employe in the position of being compelled to quit: *Mollo Unemployment Compensation Case*, 186 Pa. Superior Ct. 86, 140 A. 2d 354.

At the hearing before the Referee appellant testified that he was not pleased with living conditions in Georgia.[1] He also complained about his working conditions. "On the job they just throwed the book at me . . . they just made a double load on you". In his brief appellant states that he did not have sufficient help or

[1] "They will rob you of everything they can get. They fined my boy. I went to the Police Office—they singled him out of traffic—he stopped for the light—out of state license. They come in shopping—my wife and boy. The banks got in for ten dollars extra. One time they charged us five times the price of endive. Anywhere they could steal a buck from you—they got it. The cost of living—you go down there and live in a four posted shack and eat beans".

equipment "to do the job expected of me". It is also well settled that dissatisfaction with working conditions does not constitute cause of a necessitous and compelling nature for voluntarily terminating the employment relationship: *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

To summarize, it is apparent that appellant's unemployment was entirely self-willed and therefore not compensable. See *Sabloff Unemployment Compensation Case,* 194 Pa. Superior Ct. 63, 166 A. 2d 95. We agree with counsel for appellee that "appellant's reason for leaving work was manifestly devoid of the urgency and compulsion necessary to convert a voluntary separation into involuntary unemployment . . . Temporary difficulties in adjusting to a new location are to be expected and are not good cause for quitting a job, especially when the employment is of such a nature as customarily requires transfers to various locations. The difficulties that the appellant complained of were indeed not of such grave importance as to compel him to leave his job in Georgia".

Decision affirmed.