Ganss Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leo M. Stepanian,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

Claimant, Floyd Ganss, was refused benefits by the Unemployment Compensation Board of Review for the reason that he voluntarily left his employment without a compelling or necessitous reason within the meaning of section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. 802(b)(1). This appeal followed.

Appellant was last employed as a shovel operator on a strip mine project by the Grove City Construction Company. His last day of work was June 5, 1960. On that day, after working about four hours, he com-

plained that the shovel was jumping out of gear and swinging around in a manner that endangered fellow workmen, and he refused to operate it until it was repaired. However, he had had no accidents with the shovel in the two and one half months in which he operated it, and it has been operated since his separation without injury to anyone. He has continued to refuse to operate the shovel since June 5, 1960. There is evidence in the record that by proper operation of the shovel the jumping out of gear could be prevented. Although it has been held that an employe has good cause for leaving his employment if his health or safety is jeopardized by the job assigned to him, mere dissatisfaction with working conditions is not enough to justify a voluntary separation. *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254; *Kinter Unemployment Compensation Case,* 180 Pa. Superior Ct. 529, 119 A. 2d 639; *Goldstein Unemployment Compensation Case,* 190 Pa. Superior Ct. 67, 151 A. 2d 820; *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

In the present case appellant does not contend his own safety was jeopardized. His contention was that he might have hurt his fellow employes had he continued to operate this defective shovel. However, it is noted that he is the only one who left the job. The bulldozer operator and the drag line man who worked with him and were the ones who might have been injured, had danger existed, remained on the job.

Under the circumstances, the board determined that since no accidents had occurred during his three months operation of the shovel because of its condition, appellant had no compelling or necessitous reason which would justify leaving his job. We cannot say that the board abused its discretion or erred in its findings and conclusions, and we are bound by same since they are supported by competent evidence. *Ristis Un-*

*employment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. Although claimant, in his opinion thought the situation dangerous, the board did not agree with him after hearing the evidence.

Order affirmed.