## Stover Unemployment Compensation Case.

Argued June 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John H. Broujos,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., September 12, 1961:

Della M. Stover was last employed as a heel sorter by the Carlisle Shoe Company, Carlisle, Pennsylvania.

Her final day of work was February 12, 1960. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had voluntarily terminated her employment without cause of a necessitous and compelling nature, and that she was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The Carlisle Shoe Company furnished each of its employes with a handbook containing the following statement of Company policy: "Employes will be separated as quit without notice who: 1. Fail to report an absence from work within three days without reasonable excuse; 2. Fail to notify the Company of their intention to return to work within three days after they receive notice from the Company". Mrs. Stover had admittedly received one of these handbooks, and was aware of the Company policy. The sole question on this appeal is whether she satisfactorily complied with the reporting requirements. The Board of Review found against her on this issue, taking the position that her conduct was tantamount to an abandonment of the employer-employe relationship, and constituted a voluntary leaving without cause of a necessitous and compelling nature.

The applicable legal principles are well settled. The burden of proof was upon the claimant: *Davis Unemployment Compensation Case,* 195 Pa. Superior Ct. 361, 171 A. 2d 558. Since the decision of the Board was against the party having the burden of proof, the question before us is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Busfield Unemployment Compensation Case,* 191 Pa. Supe-

rior Ct. 43, 155 A. 2d 436. We must view the testimony in the light most favorable to the party in whose favor the Board has found, bearing in mind that the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from it are for the Board: *Rosell Unemployment Compensation Case,* 184 Pa. Superior Ct. 556, 135 A. 2d 769. We are bound by the Board's findings of fact if they are supported by competent and substantial evidence: *McGinnis Unemployment Compensation Case,* 184 Pa. Superior Ct. 95, 132 A. 2d 749.

February 12, 1960, fell on a Friday. On Saturday, February 13, 1960, claimant went to the home of her mother who was ill. On Monday, February 15, 1960, claimant notified the employer by telephone that she was unable to report on that day or on the next day, February 16, because she had to remain with her mother. She further advised the employer that her sister would relieve her on Wednesday, February 17, 1960, and that she would report for work on that date. Lester Orner, Company Personnel Director, testified as follows: "I told her that it would be alright—but that to be sure to come in on Wednesday or at least call. Well, she didn't come in or call either one. The next week we heard nothing at all from her till Friday—she called then. It was February 26th". The purpose of claimant's call on that date was to inquire whether her position was still available. The Company refused reinstatement because "we had had many other experiences with her absenteeism before". It should be noted that claimant's husband, Stanley Stover, was also employed by the Company, and was working regularly during the period of claimant's absence. The Board found that he failed to give notice to anyone in authority regarding his wife's failure to report for work.

Claimant first contends that she was snowbound at her mother's home and unable to call her employer be-

cause the telephone wires were down. Her own exhibit "E", being a statement from the telephone company, indicates that full service was restored on February 19, 1960. No satisfactory explanation appears of record for claimant's failure to contact the employer between February 19, and February 26, 1960. Furthermore, had claimant or her husband actually given proper notice, it would not have been necessary for claimant to inquire if her job was still available.

Claimant also offered testimony and exhibits evidencing her own illness and treatment by physicians for the period from February 12, 1960 to March 1, 1960. However, if claimant's physical condition prevented her from reporting for work, the employer was not given notice to that effect. Where a claimant leaves employment because of a temporary disability with the expectation of later returning to work, he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force: *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671.

In brief, our examination of this record discloses no inconsistency in the Board's findings of fact and no capricious disregard of competent evidence. It is true that the testimony on behalf of the employer and the claimant was conflicting. However, there were inconsistencies in the testimony of both claimant and her husband, and the testimony of claimant's principal witness was vague and indefinite. We have not been persuaded that the Board erred in concluding that the employer's testimony was the more credible.

Decision affirmed.