## Sterner Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Lewis H. Markowitz,* with him *Hugh H. Manifold,
Donald H. Yost,* and *J. Edward Pawlick,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 21, 1962:

Roy Clinton Sterner was last employed by the
Emeco Corporation, Hanover, Pennsylvania. His final
day of work was April 1, 1960. His application for
benefits was disallowed by the Bureau of Employment
Security, the Referee, and the Board of Review on the
ground that he had voluntarily terminated his employ-
ment without cause of a necessitous and compelling
nature, and that he was therefore disqualified under
the provisions of Section 402(b) of the Unemployment
Compensation Law. Act of December 5, 1936, P. L.
(1937) 2897, 43 P.S. 751 et seq. This appeal followed.

The record discloses that the Emeco Corporation is
engaged in the manufacture of metal furniture. Appel-
lant was on the second shift, 4:30 P.M. to midnight. He
first worked as a punch press operator, but "he
couldn't make the rate". Early in 1960 the employer
was "running short of work and we assigned people to
various jobs to keep them busy". Appellant was doing
some grinding, and was also helping in the paint shop.
Appellant did not like either grinding or painting, and
informed the personnel manager that "if he didn't get

off grinding he was going to quit". On Monday, March 28, 1960, the night supervisor held a meeting of the employes on the second shift, and "laid down rules regarding too many coffee breaks". At the close of this meeting appellant informed the night supervisor that he was quitting on Friday night, April 1, 1960. At approximately 8:30 P.M., Friday evening, appellant left work prior to the end of the shift, alleging that he had become ill as the result of inhaling paint fumes.

The employer's personnel manager testified as follows: "Q. Mr. Enright, do you want to give us the Company's version of what occurred? A. So far as this paint business is concerned, the first the Company learned of that was sometime after Mr. Sterner left the Company. Q. How long after? A. I couldn't give you the exact date on that, but the first inkling we had was when we started to get bills from the hospital and the doctor for x-rays, etc. We immediately turned the claim over to Workmen's Comp. and after several examinations it was determined the condition wasn't the result of paint fumes. After examination by several doctors they determined the cause of his trouble was not caused by paint fumes".

The Board concluded that appellant actually intended to quit on Friday, April 1, 1960, "and it is immaterial to his disqualification that the claimant was compelled by reason of illness to terminate his shift a few hours early". The Board reasoned further that appellant "did not take the requisite steps to maintain the employer-employe relationship in that he failed to request a leave of absence, and further failed to seek re-employment from someone in authority when he was again available for work". We are all of the opinion that the case was properly determined by the Board. Cf. *Stover Unemployment Compensation Case*, 196 Pa. Superior Ct. 92, 173 A. 2d 678.

Decision affirmed.