## Herko Unemployment Compensation Case.

Argued April 12, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Andrew J. Gleason,* with him *Gleason & Krumen-
acker,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with
him *Raymond Kleiman,* Deputy Attorney General, and
*David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

Agnes Herko was last employed by Birch Brothers,
Johnstown, Pennsylvania, as a sewing machine oper-
ator. Her final day of work was August 18, 1961. Her
application for benefits was disallowed by the Bureau
of Employment Security, the Referee, and the Board
of Review on the ground that she had voluntarily ter-
minated her employment without cause of a necessitous
and compelling nature, and that she was therefore dis-
qualified under the provisions of Section 402(b) of
the Unemployment Compensation Law. Act of Decem-
ber 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This
appeal followed.

The Board's decision was based upon the following
finding of fact: "3. On August 18, 1961, the claimant
terminated her employment because she was dissatis-
fied with her wage rate". This finding is fully support-
ed by claimant's statement at her original interview,
and by her testimony at the hearing before the Referee.
Findings of fact made by the compensation authorities,
if supported by the evidence, are conclusive upon ap-

peal: *Cochran Unemployment Compensation Case,* 197 Pa. Superior Ct. 149, 177 A. 2d 26. Dissatisfaction concerning earnings does not place an employe in the position of being compelled to quit: *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354; *Davis Unemployment Compensation Case,* 195 Pa. Superior Ct. 361, 171 A. 2d 558.

It is contended on this appeal that claimant actually quit because of a "hazardous working condition". Claimant attempted to support this theory at the remand hearing. However, the Board was not required to accept her testimony, *Novak Unemployment Compensation Case,* 193 Pa. Superior Ct. 49, 164 A. 2d 17, particularly in view of her prior statements. The record clearly discloses that claimant was not laid off or discharged, and that continuing work was available. She therefore had the burden to justify her voluntary termination of employment: *Rosell Unemployment Compensation Case,* 184 Pa. Superior Ct. 556, 135 A. 2d 769. We find no capricious disregard of competent evidence in the Board's refusal to find that she had met that burden. Cf. *Sable Unemployment Compensation Case,* 197 Pa. Superior Ct. 177, 177 A. 2d 115.

Decision affirmed.