## Government Employees Insurance Company v. Schroeder

*Charles Roessing*, for petitioner.
*Krimsky, Luterman, Stein* and *Levy*, for respondent.

GREENBERG, *J.*, September 26, 1978—This matter is before the court on petitioner Government Employees Insurance Company's request for a court-ordered medical examination of respondents, Donald and Eleanor Schroeder, pursuant to section 401 of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489.

Section 401 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.401, provides:

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by

a physician or physicians. The order may be made only on the motion *for good cause shown* and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions and scope of examination and the person or persons by whom it is to be made." (Emphasis supplied.)

Initially it should be noted that the statute expressly provides that an order directing the applicant to submit to a physical or mental examination may be made only upon a showing of "good cause." Thus it becomes necessary to discuss the meaning of that requirement as it is set forth in the statute.

A showing of "good cause" has been held to mean that the moving party must demonstrate the existence of special circumstances in the particular case, in connection with a rule requiring good cause to be shown that a document is essential to the preparation of the case before it will be ordered to be produced: Sisco v. Chas. Kurz & Co., 94 F. Supp. 525 (E.D. Pa. 1950) (motion to produce letter under Admiralty Rule 32, 28 U.S.C.A., denied in part, granted in part). Under a similar construction, "good cause" has been equated with a cause which is "compelling and necessitous" in nature: Cook Unemployment Compensation Case, 194 Pa. Superior Ct. 652, 169 A. 2d 594 (1961) (employe voluntarily terminated his employment without good cause under section 402(b) of the Unemployment Compensation Law of December 5, 1936, P.L. (1937) 2897, 43 P.S. §802(b)).

It therefore becomes clear that a showing of "good cause" under section 401 of the Pennsylvania No-fault Motor Vehicle Insurance Act requires that the moving party demonstrate some special circumstance showing the need for a court-ordered

medical examination. The mere allegation that the medical condition of the insured is material to the issue is insufficient to meet this requirement.

That the court was not to order medical examinations as a matter of course is evident from the scheme of the statute. If the legislature had intended to place merely a minimal burden upon the moving party who seeks to obtain such examinations, then the additional requirement in section 401 of "good cause shown" would not have been included in the statute. The legislature could just as easily have stated that such examinations should be granted as a matter of course. When the "good cause" language was inserted it was for the purpose of putting the burden on movant to show it.

In the instant case petitioner provides two reasons in support of its motion: (1) that respondents' physical condition is material to their claim for No-fault benefits and (2) that respondents have refused to submit to a physical examination to determine the nature and scope of their physical injuries. Petitioner fails to make mention of any facts which would support a claim of substantial need based upon special circumstances.

Thus, since petitioner has failed to make an adequate showing of "good cause" as defined herein, the petition for a court-ordered medical examination is denied.

## ORDER

And now, September 26, 1978, the petition of Government Employees Insurance Company for a medical examination under the No-fault Act is denied for the reasons set forth in the accompanying memorandum opinion.