450 So.2d 928 (1984)
Joseph A. SOLLECITO, Appellant,
v.
HOLLYWOOD LINCOLN MERCURY, INC., and Unemployment Appeals Commission, Appellees.
No. 83-2371.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
Joseph A. Sollecito, pro se appellant.
*929 James D. Adams of Quinton, Lummus, Dunwody & Adams, P.A., Miami, for appellee-Hollywood Lincoln Mercury, Inc.
Geri Atkinson-Hazelton, Tallahassee, for appellee-Unemployment Appeals Com'n.
GLICKSTEIN, Judge.
This is an appeal by a claimant from an adverse final order entered by the Unemployment Appeals Commission. We affirm.
Claimant sought employment with Hollywood Lincoln Mercury, Inc., and was hired for the position of parts driver. At the time of hiring, he was told that he would have duties other than picking up and delivering parts, including sweeping shop areas, dusting storage bins, and emptying trash. Claimant worked for less than a month, then complained that he was spending too much time on the housekeeping and that his work area was too hot. The employer offered him the chance to resign, and claimant did so.
Upon his filing for unemployment compensation, the claims examiner found him disqualified for benefits on the basis that he had voluntarily left his employment without good cause attributable to his employer. On appeal, the appeals referee affirmed the examiner's determination, finding that claimant was aware of the other duties when he was hired. The Unemployment Appeals Commission upheld this decision, and claimant now appeals to this court. The issue is whether there is competent, substantial evidence in the record and a reasonable basis in the law to support the findings and conclusions of the appeals referee, adopted by the Unemployment Appeals Commission, that the claimant voluntarily left his employment without good cause attributable to the employer within the meaning of Section 443.101(1), Florida Statutes (1983).
As appellee notes, administrative agency action and findings will not be disturbed upon appeal where the findings of fact are supported by competent, substantial evidence and the legal conclusions based thereon are accurate. E.g., Perez v. State, Department of Labor and Employment Security, Appeals Commission, 377 So.2d 806 (Fla. 3d DCA 1979). The appeals referee found that claimant was aware at the time of his hiring of the duties, other than parts deliveries, that he would be required to perform. This conclusion was well supported by the testimony in the case, including claimant's own admission. The referee found that claimant's resignation resulted from his decision that these duties were taking too much of his time and that the work area was too hot. Although claimant says that heat "can affect" the health of those having the pulmonary disease to which he was subject, he never claimed that it was affecting his health. To the contrary, he admitted that there was no medical opinion that he would be harming his health by working under the conditions of which he complains. The fact findings are therefore suitably grounded in the evidence.
The legal question is whether an employee's leaving his employment because of his judgment that too much of his time is spent on the wrong activities and because he feels that it is too hot constitute good cause attributable to this employer. While Florida cases have considered neither of these points, the conclusion in other states with similar unemployment compensation statutes has uniformly been that neither is good cause.
The Michigan statute provides for benefits where the employee has left employment for good cause attributable to the employer. In Cooper v. University of Michigan, 100 Mich. App. 99, 298 N.W.2d 677 (1980), the Michigan court found that an employee who left due to an insufficient quantity of work had not left for "good cause attributable to her employer." Similarly, a Pennsylvania court held that an employee who left his job because he was not permitted to do the work for which he was hired voluntarily left his employment without good cause, Sabloff v. Unemployment Compensation Board of Review, 194 Pa.Super. 63, 166 A.2d 95 (1960). Therefore, where the employee was aware from *930 the beginning that his work would involve housekeeping duties, the fact that he decided that he was doing too much of it did not constitute good cause.
On the point of the heat, this issue was directly addressed by the Pennsylvania court in Ray v. Unemployment Compensation Board of Review, 189 Pa.Super. 104, 149 A.2d 536 (1959). In Ray, the claimant quit because she was to be transferred to the kitchen, which she claimed was too hot. Although she claimed the heat was deleterious to her health, she offered no proof thereof, and the court held this not to be good cause for voluntary termination of employment. The Indiana unemployment compensation statute disqualifies for benefits employees who leave work voluntarily without good cause. An Indiana court found such a disqualification in Marozsan v. Review Board of the Indiana Employment Security Division, Ind. App., 429 N.E.2d 986 (1982), in which it held that employees are not entitled to terminate employment because working conditions are not to their liking. Employees may only leave because of working conditions where the conditions constitute unfair or unreasonable demands upon a claimant such that a reasonably prudent person would leave. Two New Jersey courts have ruled that mere dissatisfaction with working conditions which are not demonstrated to be abnormal or to affect employees' health does not constitute "good cause" for leaving work under unemployment compensation statutes. Associated Utility Services, Inc. v. Board of Review, Department of Labor & Industry, 131 N.J. Super. 584, 331 A.2d 39 (1974); Medwick v. Board of Review, Division of Employment Security, Department of Labor & Industry, 69 N.J. Super. 338, 174 A.2d 251 (1961).
Under the foregoing precedents, it is clear that claimant did not have good cause attributable to his employer for resigning. The appeals referee was correct in his conclusions of both law and fact as was the commission in affirming.
HERSEY and WALDEN, JJ., concur.