## Sable Unemployment Compensation Case.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Everett E. Utterback,* with him *Utterback & Brown,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Andrew W. Sable was last employed as a stockyard craneman by the United States Steel Corporation at Duquesne, Pennsylvania. His final day of work was June 29, 1960. His application for benefits was disallowed by the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature, and that he was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 751 et seq. This appeal followed.

Two questions are raised on this appeal, one of factual interpretation and one of procedure. The first arises out of claimant's contentions (1) that his retirement was involuntary because he was "pressed" to retire, and merely did not resist "being processed for retirement"; and (2) that his retirement, even if voluntary, was with good cause because the employer "used tactics designated to deceive the employe into retiring".

The record discloses that the employer does not have a compulsory retirement plan. However, an employe may voluntarily retire at age sixty-five. In order to continue working thereafter, the employe must pass a

semi-annual physical examination. Claimant reached age sixty-five on November 8, 1955, and chose not to retire. He passed physical examinations semi-annually thereafter, and remained on the job for more than four years. He was fully aware that he could continue working so long as he was physically qualified.

There is a dispute as to what occurred at the time of the last physical examination. Claimant testified that both he and his foreman had been subjected to criticism by younger employes because claimant had continued to work; that the foreman suggested that claimant retire; that he asked the foreman whether he would be eligible for unemployment compensation and was informed that the foreman would see about it; and that he heard nothing more until he received word that he was being retired. On the other hand, the foreman testified that, when the subject of retirement was last discussed, claimant stated that he had decided to "take his pension" provided he could work "solid through June" and receive his two weeks vacation pay in July; that this was arranged; and that there was no talk about unemployment compensation.

It is conceded that claimant did retire on June 29, 1960, and that continued employment was available. The Board ultimately found as a fact that claimant "wanted to retire this time provided he could work through June, 1960", which he was permitted to do. There was no finding of any pressure or deceit by the employer. We are of the opinion that the Board's pivotal finding was supported by the evidence, and that it was justified in concluding that claimant's retirement was voluntary. See *Adams Unemployment Compensation Case,* 186 Pa. Superior Ct. 191, 140 A. 2d 457; *Kaman Unemployment Compensation Case,* 192 Pa. Superior Ct. 509, 161 A. 2d 663. The credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn therefrom are for the

compensation authorities: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452; *Stover Unemployment Compensation Case,* 196 Pa. Superior Ct. 92, 173 A. 2d 678.

The procedural question arises in this fashion. The Bureau of Employment Security determined that claimant voluntarily retired because the job was becoming too difficult for a man of his age, and that his termination of employment was without a compelling or necessitous cause. The Referee reversed the Bureau on the ground that claimant would have continued to work if he had realized that he would not be eligible for unemployment compensation benefits. In a decision dated May 10, 1961, the Board affirmed the Referee. Under date of May 19, 1961, the employer requested reconsideration. On June 9, 1961, the Board vacated the decision of May 10, 1961, and granted reconsideration. On August 4, 1961, the Board rendered its decision reversing the Referee. It is claimant's contention that, in the absence of a further hearing and the submission of additional testimony, the Board's decision of May 10, 1961, was "conclusive".

Section 505 of the statute (43 P.S. 825) provides that the conduct of hearings and appeals shall be in accordance with rules of procedure prescribed by the Board. The relevant rule of the Board is Regulation No. 210, adopted November 28, 1951, which reads as follows: "Within ten (10) days after the issuance of the Board's decision, as set forth in Regulation No. 201, any aggrieved party may request the Board to reconsider its decision and if allowed, to grant further the opportunity (a) to offer additional evidence at another hearing, (b) to submit written and/or oral argument, (c) to have the Board reconsider the previously established record of evidence. Such requests shall be granted only for good cause in the interests of justice without prejudice to any party". Claimant does not chal-

lenge the validity of Regulation No. 210. See *Marshall Unemployment Compensation Case,* 177 Pa. Superior Ct. 259, 111 A. 2d 165. His position is that the Board's vacation and subsequent reversal of its decision of May 10, 1961, was "arbitrary, conspicious (sic) and an unwarranted over-reaching of administrative authority, not in the interests of justice".

Although our attention has not been called to any case directly apposite, there are certain well-established general principles. Procedural due process does not require a hearing at any particular point, or at more than one point, in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective: *Franke Unemployment Compensation Case,* 166 Pa. Superior Ct. 251, 70 A. 2d 461. Cf. *Womelsdorf Consolidated Water Co. v. Pa. P. U. C.,* 160 Pa. Superior Ct. 298, 50 A. 2d 548. We have held that it is not even necessary that claimant appear at the hearing where a signed statement is submitted in lieu of his testimony: *Murray Unemployment Compensation Case,* 193 Pa. Superior Ct. 464, 165 A. 2d 273. In the total absence of any demonstration of arbitrary conduct, the obvious conclusion is that, in the Board's judgment, its decision of May 10, 1961 was erroneous. An administrative body may correct errors on its own motion, without the intervention of either party: *Marcus Hook Borough School District v. Board for the Assessment and Revision of Taxes,* 359 Pa. 60, 58 A. 2d 26. Such type of action by an administrative agency having jurisdiction may be set aside only where there is a manifest and flagrant abuse of discretion: *Berberian Zoning Appeal,* 351 Pa. 475, 41 A. 2d 670; *Mutual Supply Company Appeal,* 366 Pa. 424, 77 A. 2d 612; *Eways v. Reading Parking Authority,* 385 Pa. 592, 124 A. 2d 92; *Hasley's Appeal,* 151 Pa. Superior Ct. 192, 30 A. 2d 187; *425-429, Inc. Liquor License Case,* 179 Pa. Superior Ct. 235, 116 A. 2d 79. The function

of the Superior Court is not to substitute its judgment for that of the administrative body, but merely to determine whether there is error of law, lack of evidence, or violation of constitutional rights: *Duquesne Light Co. v. Pa. P. U. C.*, 176 Pa. Superior Ct. 568, 107 A. 2d 745. And see *Laird v. Pa. P. U. C.*, 183 Pa. Superior Ct. 457, 133 A. 2d 579; *Snyder v. Pa. P. U. C.*, 187 Pa. Superior Ct. 147, 144 A. 2d 468; *Allegheny County v. Pa. P. U. C.*, 192 Pa. Superior Ct. 100, 159 A. 2d 227.

In the case at bar, as previously indicated, the Board ultimately found against the claimant. The question before us therefore is whether its findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Busfield Unemployment Compensation Case*, 191 Pa. Superior Ct. 43, 155 A. 2d 436; *Brown Unemployment Compensation Case*, 194 Pa. Superior Ct. 76, 166 A. 2d 100. Our review of this record does not reveal error of law, arbitrary conduct, or abuse of discretion by the Board, and we find no capricious disregard of competent evidence.

Decision affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent because it appears clear to me that claimant was physically able to continue working but was induced to accept his pension through the insistence of his employer and the false impression as to his status created in his mind by the employer. I believe the evidence in this case shows clearly that the employer went beyond approved tactics to induce claimant to retire and that the Board acted capriciously in finding that his retirement was voluntary. This Court should not approve the use of such tactics on the part of employers.

In unemployment compensation cases, actions of the employer and the employe must be subjected to the test of a reasonable desire to maintain the employment status. *Vrotney Unemployment Compensation Case,* 188 Pa. Superior Ct. 405, 146 A. 2d 751. In the present case, in my opinion the employe demonstrated a sincere desire to continue working.

———

DISSENTING OPINION BY FLOOD, J.:

Assuming Regulation 210, quoted in the majority opinion to be valid, I do not believe the board was authorized, without cause shown or reason assigned, to reverse its initial decision, based upon an acceptance of the claimant's testimony and a rejection of the foreman's testimony, and substitute therefor a new decision, based upon a rejection of the claimant's testimony and an acceptance of the foreman's testimony.