Kentucky Fried Chicken of Altoona, Inc., Appellant, *v.* Unemployment Compensation Board of Review, Appellee.

Argued May 11, 1973, before Judges KRAMER, MEN-CER and BLATT, sitting as a panel of three.

*Benjamin I. Levine, Jr.,* with him *Nelson, Campbell & Levine,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, September 7, 1973:

This is an appeal filed by Kentucky Fried Chicken of Altoona, Inc. (Kentucky) from an order of the Unemployment Compensation Board of Review (Board) awarding compensation to Ronald Richard Crist (Crist).

Crist began working for Kentucky in December of 1963. Save for the time he served in the military, his employment was continuous until the date of his termination, September 25, 1971. He had been manager of one of Kentucky's restaurants from June, 1970. For approximately one and one-half months before his termination, Crist had been working seven days a week, nine hours a day. Kentucky stated that Crist's employment was terminated because he was not always present during the supper rush, and he failed to keep a schedule of the amount of chicken to be kept on hand at any given period. Kentucky asserts that the latter reason precipitated a lack of sufficient chicken on Labor Day, 1971. Crist proffers that business was slow just prior to the holiday, and that therefore he underestimated the amount necessary.

Crist applied for unemployment compensation benefits, which application was denied by the Bureau of Employment Security. The Bureau determined that Crist was not entitled to benefits because his behavior

constituted wilful misconduct. Crist appealed, and a hearing was held; after which, the referee concluded that Crist was ineligible for benefits for the same reason, i.e., wilful misconduct. Crist appealed to the Board, and on January 17, 1972, the Board affirmed the referee. On January 21, 1972, the Board, on its own motion, vacated its prior order. On March 22, 1972, the Board issued a new order (reversing its prior order), in which it concluded that Crist was *not* guilty of wilful misconduct and that he was entitled to benefits. Kentucky has appealed from the second order to this Court.

In unemployment compensation cases, our scope of review, absent fraud, is limited to (1) a determination as to whether the Board's findings are supported by the evidence, and (2) questions of law. *See James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

In this appeal, two issues are before this Court. The first evolves from the procedural format followed by the Board. The question presented is whether the Board on its own motion, absent a petition for rehearing or reconsideration, and without further opportunity to be heard having been granted the parties, could vacate its first order and issue a second order which in essence reverses the initial order. The second issue before the Court queries whether Crist's behavior constituted wilful misconduct under Section 402(e) of the Unemployment Compensation Act, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. §802(e), and whether such behavior barred the awarding of unemployment compensation benefits.

We shall address ourselves to the first issue at this time. Section 509 of the Act, 43 P.S. §829 provides that Board orders become final ten days after issuance. The Board apparently relies on this section to support its position that any time within the ten days after the

issuance of an order, it may, with impunity, change or vacate said order. Our research has unearthed two unemployment compensation cases which would support that proposition. The first, *Sable Unemployment Compensation Case*, 197 Pa. Superior Ct. 177, 177 A. 2d 115 (1962), presents a fact situation wherein one of the parties *petitioned* for reconsideration within the ten-day period. The *Sable* court then refers to a Board regulation which provides for such action. We are of the opinion that *Sable, supra,* is distinguishable from the case at bar, because in the case before us neither party sought reconsideration; the Board vacated its order on its own motion.

There are, however, two legal principles which the *Sable* court relied upon in reaching its decision which must be discussed here. The court in *Sable, supra,* cited *Marcus Hook Borough School District v. Board for the Assessment and Revision of Taxes*, 359 Pa. 60, 58 A. 2d 26 (1948), for the proposition that an administrative body is permitted to correct errors on its own motion, absent the intervention of a party. While we agree with the principle as espoused, we cannot abide by the proposition that the administrative body's power to do so is unlimited and unqualified. *Marcus Hook, supra,* does not stand for such an open-ended proposition.

In *Marcus Hook,* the Board in question and at least one of the parties was laboring under the misconception that the assessment figure in issue represented the evaluation of two properties. When it became clear that the second property was separately valued, the Board corrected its valuation to reflect its valuation of the separate properties. While this action made a substantial change in the final outcome, it did not constitute a complete reversal of the substantive legal issues, rather it corrected an obvious mechanical error.

We firmly believe that an administrative agency, on its own motion, having provided the proper notice and

explanation, may correct typographical, clerical and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions, such as presented in *Marcus Hook, supra.* It may not, however, absent a petition for reconsideration or the granting of the opportunty to be heard by way of oral argument or brief, reverse itself on the substantive issues previously decided. On reconsideration, the party seeking the same bears the burden of proving his position or that circumstances have changed. *See Milk Control Commission of Pennsylvania v. United Retail Grocers Association,* 361 Pa. 221, 64 A. 2d 818 (1949). When an agency changes its position on its own motion, the parties must at least be given an opportunity to be heard by way of oral argument or brief. If the circumstances justify, and the Board deems it necessary, it could allow the introduction of additional evidence or a rehearing. *See West Penn Power Company v. Pennsylvania Public Utility Commission,* 174 Pa. Superior Ct. 123, 100 A. 2d 110 (1953).

This brings us to the second legal principle in *Sable, supra,* which mandates our attention. The *Sable* court cites *Franke Unemployment Compensation Case,* 166 Pa. Superior Ct. 251, 70 A. 2d 461 (1950), for the proposition that procedural due process does not require more than one hearing, so long as the requiste hearing is held before the final order becomes effective. Once again we agree with the general principle of law espoused. We believe, however, that two other general principles of law are of equal weight and must be considered. First, an administrative agency is a creature of the State and has only those powers and authority as have been granted to it by the Legislature. *See Pa. Human Relations Commission v. Brucker,* 93 Dauph. 8, 51 Pa. D. & C. 2d 369 (1970). We interpret Section 509 of the Act, 43 P.S. §829, which provides that an

order of the Board becomes final after ten days, to allow for modification and reconsideration under circumstances such as we have previously delineated above.

The second legal maxim which bears on the matter before us, is perhaps the only absolute general statement with regard to due process, i.e., that which constitutes procedural due process, or for that matter the denial thereof, depends on the nature and circumstances of the matter at hand. Our search of Pennsylvania law leads us to conclude that the circumstances at hand necessitate the use of procedural safeguards delineated above. We find persuasive support in *West Penn Power*, *supra*, wherein the court stated: "Again, under rudimentary principles of due process and fair play the Commission cannot subsequently reverse a previous order without giving notice to a utility and an opportunity to be heard. While the Commission has power to rescind or amend any order made by it . . . , the exercise of such function cannot violate fundamental principles of fairness or constitutional guarantees. . . . The requirement of due process of law in procedural matters applies equally to proceedings before administrative tribunals as well as judicial bodies." (Citations omitted.) 174 Pa. Superior Ct. at 131, 100 A. 2d at 114. We find the principle espoused in *West Penn Power Company*, *supra*, to be applicable here. *See also, Lang v. Pennsylvania Public Utility Commission*, 207 Pa. Superior Ct. 312, 217 A. 2d 750 (1966) ; *Department of Highways v. Pennsylvania Public Utility Commission*, 185 Pa. Superior Ct. 418, 138 A. 2d 143 (1958). We therefore conclude that the Board was in error when it vacated its order on its own motion, absent a petition for reconsideration, or the granting of an opportunity to the parties to be heard.

Before turning to the second issue in this case (i.e., the question of wilful misconduct), we feel constrained

to address ourselves to the second supportive unemployment case alluded to earlier. In *Johnson Unemployment Compensation Case,* 201 Pa. Superior Ct. 488, 193 A. 2d 615 (1963), the court relying solely on *Sable, supra,* extended its pronouncements concerning the authority of the Board to correct its own errors. In *Johnson, supra,* the Board on its own motion, absent a petition for reconsideration and well beyond the ten-day period after issuance of its order, vacated its initial order and reversed itself. We note that unlike *Sable, supra,* there was no request for reconsideration, nor did the action take place in the questionable ten-day period. In light of our protracted discussion above, we believe that we are compelled to express our disapproval of the *Johnson Unemployment Case, supra,* and therefore do so.

Addressing the second issue, Section 402(e) of the Act, 43 P.S. §802(e) provides that if a claimant is discharged for wilful misconduct, he is not entitled to unemployment benefits. Section 402(e) does not define wilful misconduct; therefore, the courts have. For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *See Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973).

We recognize that this question is ultimately one of law, which this Court is capable of properly deciding. The legal conclusion, however, depends on our review of the facts as found by the Board. The question presented is twofold: (1) do those facts constitute wilful

misconduct, and (2) are the facts supported by the evidence? In light of our ruling in this case that the Board cannot vacate its order on its own motion without giving the parties an opportunity to be heard, we believe it would be inappropriate for us to rule on this question at this time and the matter must be remanded to the Board.

In passing, however, we note that the burden is on the employer to establish wilful misconduct, and as the record presently stands, our careful review indicates that it does not support a conclusion of wilful misconduct.

In summary, we conclude that the Board cannot, on its own motion, vacate one of its orders without giving the parties an opportunity to be heard by way of oral argument or the submission of a supplemental brief. It is also clear that if the Board deems it necessary, additional evidence may be taken and a rehearing granted.

Therefore, we

ORDER

AND NOW, this 7th day of September, 1973, the order of the Unemployment Compensation Board of Review dated March 22, 1972, in the above-captioned matter is set aside and it is hereby ordered that the matter is remanded to the Board for reconsideration; the parties are to be permitted an opportunity for oral argument and/or the submission of briefs; if the Board deems it necessary, rehearing is to be granted.