Philip L. Marshall, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*John H. Spangler,* with him *Wood, Parke & Barnes,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, April 20, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying benefits to Philip L. Marshall (Claimant). The Board determined Claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e), concluding that his discharge resulted from wilful misconduct.

The Claimant had been employed as an inventory controller by the Great Valley Water Co. (Employer), and was discharged for making unauthorized purchases and for reporting to work late as a result of drinking "bashes" with salesmen from other companies.

The Claimant argues that although his conduct may have been imprudent or indicated a lack of competence, it did not constitute wilful misconduct. He contends that there was not substantial evidence in the record to support the conclusion that his termination was for wilful misconduct. We see no merit in these contentions.

Wilful misconduct is defined as a wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which an employer has a right to expect of an employee, or negligence which manifests culpability, wrongful intent, or an intentional disregard of the employer's interests or the employee's obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The record clearly supports a finding that Claimant made purchases which had not been properly authorized, when he knew that all such purchases required authorization by his Employer. In fact, Claimant acknowledged that he had received a watch as a bonus for one of the purchases. This was a deliberate violation of the Employer's rule.

Obviously, Claimant's reporting to work late and missing work because of his drinking "bashes," constitutes conduct which can be considered a disregard of the standard of behavior the employer had a right to expect from an employe.

There is substantial evidence present in the record to support the findings of the Board. Accordingly, the Claimant was properly denied unemployment benefits under the Act. We affirm.

## ORDER

AND Now, this 20th day of April, 1978, the order of the Unemployment Compensation Board of Review denying benefits to Philip L. Marshall is hereby affirmed.