William J. Hollister, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and SEPTA, Respondents.

Argued December 4, 1978, before Judges WILKIN-SON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Harvey L. Anderson*, for petitioner.

*Joseph F. Keener, Jr.,* with him *Norman Hegge, Jr., Dolores Rocco, Charles G. Hasson,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., January 11, 1979:

This is an appeal by petitioner (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to a finding of willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant was employed by South Eastern Pennsylvania Transportation Authority (SEPTA) (employer) in February of 1974, becoming manager of treasury accounting in September of 1974. On May 19, 1976 he was discharged for failure to carry out a direct order.

Claimant filed an application for unemployment compensation benefits on May 23, 1976. This application was denied by the Bureau of Employment Security on June 28, 1976. Claimant filed an appeal on June 30, 1976. A hearing was held before a referee on July 22, 1976, at which all parties appeared. The referee issued a decision on August 10, 1976, that claimant had refused a direct order, that this constituted "willful misconduct" as a matter of law, and that consequently, claimant was ineligible for bene-

fits. An appeal followed to the Board. On February 22, 1977, the Board reversed the referee's decision and granted the claim. A request by the employer for reconsideration was granted and, on March 17, 1977, the Board vacated the February 22nd order. On May 13, 1977, the Board entered an order affirming the Referee's decision denying compensation. It is this final order of the Board upon which claimant bases this appeal.

Claimant has two arguments. The first of these is that there was not sufficient evidence to warrant the referee's finding of willful misconduct. The referee's findings of fact in pertinent part were:

2. The claimant was suspended on April 23, 1976, for the following reasons: 1) Continuous pattern of substandard work; 2) Lack of a co-operative work attitude in dealing with your peers, subordinates and supervisor; 3) Continuous failure adequately to supervise lower level personnel; 4) Refusal to follow specific orders and directions from your supervisor.

3. Subsequent to the notification on May 19, 1976, listing reasons for the claimant's suspension (see Finding of Fact No. 2), a meeting was arranged for the claimant to meet with the employer. When the claimant appeared, he appeared with counsel. In accordance with SEPTA policy, counsel may not attend hearings at that level. As a result of the employer's refusal to permit counsel admission to the hearing, the claimant walked out of the hearing and refused to discuss the matter with the SEPTA officials.

4. At the Referee's hearing numerous exhibits were submitted by both parties. Also, volu-

minous testimony was heard. The employer representative, who had been the claimant's immediate supervisor, never waivered from his allegation that the claimant was guilty of insubordination. He testified that the claimant refused to perform certain changes in the treasurer's report as directed, which was the direct cause of his separation. Furthermore, he testified that on two prior occasions he had been urged by officers of the company to separate the claimant.

And he therefore concluded:

In view of the incident which occurred on April 23, 1976, which was precipitated by the claimant's refusal to follow a direct order from his supervisor that he incorporate a new procedure in his department, the Referee finds that the claimant's actions fall squarely within the provisions of Section 402(e) of the Law (willful misconduct), and he must be held ineligible for benefits thereunder.

We see no reason to dispute his findings; absent fraud, we need only determine whether there is substantial evidence in the record to support the findings of fact. We conclude there is.

Claimant's second argument is that, the Board could not reverse its own decision of February 22, 1977. In fact, it can. In *Sable Unemployment Compensation Case,* 197 Pa. Superior Ct. 177, 177 A.2d 115 (1962), (allocatur refused), the action of the Board in reversing itself after the filing of a petition for reconsideration was specifically approved. The Court went on to say that "[s]uch type of action by an administrative agency having jurisdiction may be set aside only where there is manifest and flagrant

abuse of discretion." *Sable, supra* at 182, 177 A.2d at 118.

So, as in *Sable* it is clearly within the Board's discretion to reverse itself upon a motion for reconsideration by either one of the parties. Therefore, we feel that there was substantial evidence for the referee to make his finding of willful misconduct and we find that the Board was not abusing its discretion by reversing its own decision.

Accordingly, we will enter the following

ORDER

AND Now, January 11, 1979, the order of the Unemployment Compensation Board of Review dated May 13, 1977, Decision No. B-141020-B, denying benefits is hereby affirmed.