Robert Drayton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

District Council 33, American Federation of State, County and Municipal Employees, AFL-CIO, Intervenor.

Submitted on briefs, March 1, 1981, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*R. Michael Owens,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, April 6, 1982:

The petitioner, Robert Drayton, argues that the findings of the Unemployment Compensation Board of Review (Board) do not support its order denying him benefits because of his discharge for willful misconduct.[1] The Board noted his absenteeism, his presence at his place of employment with a smell of liquor on his breath and his failure to produce a doctor's certificate as requested by his employer. He asserts that his absences, which were properly reported, were attributable to illness, that the finding that he was being treated for alcoholic hepatitis was based on unsubstantiated hearsay evidence and that the finding that he had not produced a doctor's certificate as requested was irrelevant because the decision to discharge him had been reached prior to the time when he was to present the certificate.

Even were we to accept all of the petitioner's arguments as valid, we would still find it necessary to affirm the Board. The findings of fact which are clearly supported by the record establish that the petitioner had a history of absenteeism, that he had been advised by his doctor not to consume alcoholic beverages and that he appeared at his place of work, on a day when he was supposed to be ill,[2] with the smell of alcohol on his breath. We believe that an employer has a right to expect an employee not to aggravate an illness which is keeping him away from work, that the petitioner here disregarded a standard of behavior which the employer had a right to expect of him and that his discharge therefor was due to his

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] As the Board found the petitioner went to his employer's establishment in order to pick up his paycheck.

own willful misconduct. *See generally, Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We will affirm the order of the Board.

ORDER

AND Now, this 6th day of April, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.