Karen L. Lease, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Leon Ehrlich,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 1, 1982:
This is an appeal by claimant Karen L. Lease from an order of the Unemployment Compensation Board of Review (Board). The Board determined that

claimant was discharged from her employment due to willful misconduct and was thus ineligible for benefits by virtue of Section 402(e) of the Unemployment Compensation Law.[1]

Claimant was employed by Nissin Foods as a fork-lift operator, her last day of work being August 25, 1980. On August 20, 1980, claimant's supervisor requested that she work overtime on Saturday, August 23, 1980, and claimant agreed to do so. On Friday, August 22, 1980, however, claimant's husband reminded her of their plans to attend an out-of-state wedding on the twenty-third. When claimant reported for work on Friday, she notified her supervisor that she would not be able to work overtime that Saturday. A heated discussion ensued, during which claimant insisted that she would not report for work the following day because her husband had made reservations for lodgings. Prior to the end of her shift on Friday, August 22, 1980, supervisor stated that he would see her in the morning, to which remark she made no reply. Claimant did not appear for work the following day, and did not telephone to report her absence, as required by her employer's regulations. On August 25, 1980 she was discharged from her employment.

The Board concluded that claimant's failure to call her employer on Saturday, August 23, 1980 to report her absence constituted willful misconduct precluding an award of benefits.[2] We disagree.

While "willful misconduct" is not defined in Section 402(e), our Courts have construed this term to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] We note that employees were not required, as a condition of employment, to work overtime. Thus, a charge of willful misconduct could not be predicated on this basis.

include a deliberate violation of the employer's rules. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Instantly, it is undisputed that, in contravention of the employer's regulations, claimant failed to telephone her employer on August 23, 1980 to report her absence. Nonetheless, we believe that, under the circumstances of this case, claimant's failure to do so did not amount to willful misconduct justifying her discharge. The purpose of the employer's rule requiring a telephone call from the employee on the day of absence is to provide the employer with notice thereof. Claimant's employer received notice, on August 22, 1980, that she would not report for work on August 23, 1980. To deny claimant benefits because she did not give her employer *additional* notice of her absence on August 23 would undermine the remedial purposes of the Unemployment Compensation Law. Accordingly, we reverse the decision of the Board

ORDER

AND Now, the 1st day of October, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-195197 is hereby reversed.

---

DISSENTING OPINION BY JUDGE BLATT:
I must respectfully dissent.

I believe that the claimant's failure to report her absence on August 23 amounted to willful misconduct. The findings of the Board reveal that she had been specifically informed by her employer at the end of her shift on August 22 that she was expected to work the next day and that she made no reply. The Board also found that the claimant had called in sick

on a prior occasion when she wished to attend a wedding.

I would conclude that, despite the earlier discussion of the claimant's ability to work on August 23, she knew when she left work on August 22 that her employer expected her to appear the next day and that, therefore, her deliberate refusal to report her absence constituted willful misconduct.