Dolores A. Groshans, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Arthur L. Gutkin,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, October 14, 1983:

The claimant, Dolores A. Groshans, appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits to her for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The claimant was the Director of Dietary Services at the Bryn Mawr Terrace Convalescent Home from February 10, 1978 until July 3, 1981, the date of her discharge. Although the claimant worked at the convalescent home, she was employed by a food service management company which, under contract, provided food service to the home. Initially, the claimant was

employed by the Litton Food Service Company, but due to financial difficulties, the food service changed hands, and as of June 8, 1981, Food Management Service, Inc., provided the food service to the home. As part of the new food service management, the claimant was requested to provide management coverage at the home on weekends. To provide this coverage, the claimant was told that she and her assistant could cover every other weekend. As consideration for this extra duty the claimant was given a $90.00 a week raise. When the claimant refused to work the first scheduled weekend or any weekend thereafter, she was discharged. Unemployment benefits were denied by the referee and Board upon the basis of willful misconduct. The claimant now appeals to this Court contending that the Board's findings of fact are unsupported by substantial evidence, and that the Board erred as a matter of law by concluding that she was guilty of willful misconduct. Specifically, the claimant alleges that she was never informed by her employer of her new working conditions or responsibilities, and therefore cannot be guilty of willful misconduct.

In the present case, the referee made the following findings of fact which were adopted by the Board.

1. The claimant was last employed by Food Management Service, Inc. as a Food Service Director, earning $400.00 per week from February 10, 1978 until July 3, 1981.

2. The claimant was discharged from her employment because of her refusal to comply with her contract as it pertained to weekend coverage by management.

3. The claimant felt that she was not consulted or negotiated with, and resented a letter from the employer, which outlined her duties.

4. The claimant was offered and accepted a $90.00 a week raise in consideration of any extra duties, however, refused to cooperate.

5. The claimant's assigned duties were in accordance with the contract of hire, and not unreasonable.

Upon a review of the record in this case, we conclude that these findings are supported by substantial evidence. In particular, the testimony of the employer and claimant establish that the claimant had in fact met with her employer and the owner of the home to discuss the food service at the home and providing coverage on weekends. Moreover, the claimant testified that she had worked weekends and holidays in the past on a fairly regular basis.

Under the above circumstances, we cannot conclude that the Board erred as a matter of law by finding the claimant guilty of willful misconduct. Willful misconduct has been defined as the wanton and willful disregard of an employer's interests, deliberate violation of rules, disregard of standards of behavior which an employer can rightfully expect from an employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional or substantial disregard of an employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). In the present case, it is clear that the claimant's actions constitute disqualifying willful misconduct under the Law. The claimant deliberately refused her employer's request to work weekends, a request which the employer deemed necessary to preserve his contract with the home. Further, the claimant refused her employer's request despite a pay

raise which she accepted and her past work schedule which allowed for working on weekends.

For the foregoing reasons, the decision of the Board denying benefits is hereby affirmed.

### ORDER

AND Now, this 14th day of October, 1983, the decision of the Unemployment Compensation Board of Review, dated October 21, 1981, docket No. B-200413, denying benefits to the claimant, Dolores A. Groshans, is hereby affirmed.