Packaging Control Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 30, 1984, to Judges Williams, Jr., Barry and Palladino, sitting as a panel of three.

*Eugene R. Campbell, Smith, LeCates & Campbell,* for petitioner.

*Richard F. Faux, Associate Counsel,* with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Barry, June 4, 1984:

The Packaging Control Corporation (employer) seeks review of an order by the Unemployment Compensation Board of Review (Board) which reversed a referee's decision which denied benefits to Mary A. Oberdorff (claimant).

Employer last employed claimant as a die cutter foreman. A number of employees complained that some employees discussed their wages. This discussion, according to the employer, caused dissension and

discord. In August or September of 1981, employer met with all the employees and asked them to refrain from discussing their salaries and benefits. The employer thereafter told the claimant on numerous occasions not to discuss her wages with the other employees. Claimant had an excellent work record and had received more pay increases than the other employees.

Claimant allegedly had complained to other employees about her wages and had asked another co-employee what his salary was. On one occasion claimant allegedly threw her check on to the lunchroom table and said it was not worth cashing. The Board, moreover, found that the claimant did not divulge the amount of her paycheck or discuss her rate of pay with a co-worker. Employer alleged that on her last day of work, claimant discussed with a co-employee her dissatisfaction with her job and salary. Thereafter employer discharged the claimant for alleged noncompliance with the employer's request.

Following a hearing in which only the employer presented witnesses, the referee determined that the claimant's conduct constituted a disregard of the standard of behavior the employer has a right to expect of an employee. The referee, therefore, concluded that the claimant was ineligible for unemployment compensation benefits because her actions constituted willful misconduct. The Board, however, reversed because the employer failed to produce any competent first-hand testimony to sustain its burden of proving willful misconduct. It, therefore, concluded that the claimant was eligible for unemployment compensation benefits. The employer appealed this decision.

Where the party with the burden of proof did not prevail below, our scope of review is limited to whether

findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. The employer has the burden of proving willful misconduct. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) provides that an employe is not eligible for compensation if ''his unemployment is due to his discharge ... from work for willful misconduct connected with his work.'' The statute does not define ''willful misconduct.'' We have frequently established that willful misconduct occurs when an employee's behavior constitutes a wanton and willful disregard of the employer's interests, the deliberate violation of the employer's rules or the disregard of standards of behavior which an employer has a right to expect from his employee, or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The employer contends that the Board erred in overruling certain of the referee's factual findings without taking additional testimony. It is unclear whether this occurred in the present case; moreover, even if it did, it would not alter our ultimate resolution because even if the employer had proved claimant had violated the rule, we do not believe the violation constitutes willful misconduct.

The employer also maintains that claimant's failure to heed its request to refrain from discussion of her wages was a disregard of the standards of behavior the employer can rightfully expect of an employee. Again, we must disagree. In our view, it

does not matter whether the claimant did or did not divulge the amount of her paycheck, and it does not matter whether she discussed her salary with other employees. We think rather that, if an employee discusses his or her wages or salary with fellow workers or divulges the amount of her paycheck, and is subsequently discharged, it does not rise to the level of willful misconduct. Complaints about pay are inevitable.[1] The employer, moreover, did not show that the claimant herself ceased to do her job adequately. Claimant's conduct, therefore, does not constitute willful misconduct.

For the foregoing reasons, we affirm the Board's order to grant benefits to the claimant.

#### ORDER

AND Now, June 4, 1984, the order of the Unemployment Compensation Board of Review, dated June 24, 1982 at No. B-207203, is affirmed.

---

[1] *Cf.* Luke 3:4 (King James) "And the soldiers likewise demanded of him, saying, And what shall we do? And he said unto them, 'Do violence to no man, neither accuse any falsely; and be content with your wages.'"