505 A.2d 377

Gerald L. Boyer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

256

Submitted on briefs November 15, 1985, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Keith R. Bitzel, Ira H. Weinstock, P.C.,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 24, 1986:

Gerald L. Boyer (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision holding Claimant ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] 43 P.S. §802(e) (willful misconduct).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended.*

Claimant was employed as a pipefitter by Bechtel Power Corporation (Employer) from October 12, 1982 to April 28, 1983. On April 29, 1983, Claimant became ill with the flu. He did not report his absence on the 29th, but he did call in on May 1, 1983, to report that he was ill and would probably be out for the remainder of the week. Due to a conversation with a co-employee, Claimant was under the impression that Employer's policy dictated an automatic termination of any employee who failed to call in and report off for three days in a row. He therefore assumed that he had been terminated *sometime* following May 1st and made no further effort to report his continuing absence. By May 10, 1983, Employer determined that Claimant had violated work rules by not calling in. He was discharged on this date.

On the basis of these facts, the referee concluded that Claimant's actions amounted to willful misconduct. He noted that even though Employer had failed to appear at the hearing, Claimant had carried the burden of proof through his own testimony.

Claimant now argues that the Employer did not prove the existence of a reporting rule, and that Claimant consequently could not have been properly found to be in violation of such a rule. We believe that under the facts of this case, the actual existence of a rule is somewhat beside the point. Either the Claimant's belief was correct, and in that case Claimant's testimony established the violation, or Claimant's belief was incorrect. If incorrect, Claimant's failure to again notify his employer within the time he gave would itself demonstrate willful misconduct. Claimant admitted at the hearing that he had violated what *he perceived* to be Employer's reporting procedure. He testified that he became ill on April 29, 1983 and

that he called Employer *once*[2] to report that he would probably be off for about a week. He was terminated on May 10, 1983, *twelve days* after his first absence. Claimant made no attempt to excuse his conduct on any other basis than that he assumed he had been fired on the third day he failed to call in. When asked by the referee if he had even considered calling his Employer to verify this assumption, he stated unequivocally that he had not.

Claimant alternatively argues that he complied with what he in good faith believed to be Employer's reporting procedure. Claimant's testimony, however, directly contradicts this argument. As noted above, he stated that he believed a failure to call in and report off for three days in a row led to automatic discharge, and he admitted that he failed to call in for longer than three days in a row.

Claimant's conduct can lead to only one logical conclusion: he did not care to return to his job. Such obvious lack of interest in protecting his employment status surely amounts to negligence to such a degree as to show an intentional and substantial disregard of his duties and obligations to his Employer. Such negligence is sufficient to support a conclusion of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We will affirm the Board.

---

[2] Although Claimant was somewhat unclear in his testimony as to which day it was that he did call in, the record supports the referee's determination that it was May 1, 1983. We however take judicial notice that April 29, 1983 was a Friday and May 1, 1983 was a Sunday.

ORDER

Now, February 24, 1986, the order of the Unemployment Compensation Board of Review, No. B-222311, dated September 15, 1983 is hereby affirmed.