IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Smith,                :
             Petitioner        :
                                    :
     v.                             : No. 1320 C.D. 2021
                                    :
Pennsylvania Parole Board,     :
             Respondent    : Submitted: July 22, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                             FILED: September 21, 2022

Petitioner Mark Smith (Smith) petitions for review of Respondent Pennsylvania Parole Board's (Board) October 20, 2021 order, in which the Board dismissed as untimely Smith's administrative challenge regarding the Board's May 12, 2017 decision to revoke Smith's parole and recommit him as a convicted parole violator (CPV). In addition, Meghann E. Mikluscak, Esquire, Smith's court-appointed counsel (Counsel), has submitted an Application for Leave to Withdraw Appearance (Application), along with a no-merit letter,[1] through which Counsel

---

[1] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Com*[.] *v. Porter*, . . . 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no[-]merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*,

**(Footnote continued on next page…)**

asserts that Smith's administrative challenge was both untimely and substantively without merit. After thorough consideration, we grant Counsel's Application and affirm the Board's order.

## I. Background

On March 24, 2004, after Smith was found guilty of one count each of robbery and carrying a firearm without a license, the Court of Common Pleas of Philadelphia County (Common Pleas) sentenced him to an aggregate carceral term of 69 to 138 months in state prison. Certified Record (C.R.) at 1-2. Smith was subsequently paroled on September 21, 2009, at which point the maximum date on his March 2004 sentence was November 6, 2014. *Id.* at 6-9. Smith subsequently committed multiple violations of his parole terms, which resulted in the Board recommitting him as a technical parole violator on September 12, 2011, to serve 9 months of backtime and recalculating the maximum date on his March 2004 sentence as July 11, 2016. *Id.* at 51-54. On May 21, 2012, Smith was again released on parole. *Id.* at 55-57.

Thereafter on April 18, 2014, Smith was arrested in Philadelphia, Pennsylvania, and was charged with burglary, criminal trespass, knowing and intentional possession of a controlled substance, possession of an instrument of crime, recklessly endangering another person, robbery, terroristic threats, theft by receiving stolen property, theft by unlawful taking, and simple assault. *Id.* at 63. On February 14, 2017, Smith pled guilty to criminal trespass, possession of an instrument of crime, and robbery, and was sentenced by Common Pleas to an

---

964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter")[, referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)]; *Com*[.] *v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

aggregate carceral term of 78 to 180 months in state prison. *Id.* at 130, 148-49. Smith subsequently waived his right to have a parole revocation hearing before the Board, as well as to counsel at that hearing, and admitted to the veracity of these convictions. *Id.* at 130-34. In response, the Board issued its May 12, 2017 decision, through which it ordered Smith to be committed as a CPV to serve the remaining balance of his March 2004 sentence, which the Board stated was 2 years, 2 months, and 16 days,[2] and recalculated his maximum date as July 4, 2019. *Id.* at 190-91.

Smith did not respond to this decision until September 10, 2020, when he mailed a letter to the Board.[3] Therein, Smith stated that he believed there was a "discrepancy" regarding how the time he had served since 2014 had been divvied up between his two sentences and asked the Board to send him a detailed breakdown of precisely how this time had been allocated. *Id.* at 193. On October 20, 2021, the Board replied by providing Smith with a copy of the order to recommit that pertained to its May 12, 2017 decision and informing him that he would need to request his sentence status summary from the Department of Corrections. *Id.* at 197. In addition, the Board dismissed Smith's September 10, 2020 letter as untimely, to the extent this letter constituted an administrative challenge to the Board's May 12, 2017 decision. *Id.* at 197-98.

---

[2] The Board arrived at this number by revoking Smith's credit for 64 days of street time, from September 21, 2009, through November 24, 2009, and giving him 769 days of credit, from June 3, 2014, through July 11, 2016, for a period during which he was held pending disposition of the charges that had prompted his April 2014 arrest. *See* C.R. at 189.

[3] "Under the prisoner mailbox rule, a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). Here, the Certified Record reflects that Smith's letter to the Board was postmarked on September 10, 2020. *See* C.R. at 196.

On November 22, 2021, Smith sent his *pro se* Petition for Review to our Court, along with an application to proceed *in forma pauperis*. In his Petition for Review, Smith argued that the Board had erroneously concluded that his September 10, 2020 letter was untimely, as well as that the Board had improperly recalculated the maximum date on his March 2004 sentence. Pet. for Review ¶¶5-16.

Thereafter, on December 6, 2021, we appointed the Public Defender of Fayette County to represent Smith in this matter and, on January 14, 2022, directed the parties to address whether Smith had filed his Petition for Review in a timely manner. Counsel then entered her appearance on February 11, 2022, and followed on February 22, 2022, with her Application and no-merit letter, through which she requested leave to withdraw from representing Smith in this matter. Therein, Counsel stated that she "ha[d] conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board and ha[d] concluded that there is no factual or legal basis for . . . Smith's appeal, and that said appeal is frivolous[.]" Application ¶5; *see* No-Merit Letter at 1-2. Counsel explained that this was so because she agreed with the Board that Smith's September 10, 2020 letter was untimely, insofar as it constituted an administrative challenge to the Board's May 12, 2017 decision, and had determined that the Board had properly recalculated the maximum date on Smith's March 2004 sentence. Application ¶5.k-.1; No Merit Letter at 1-2. Counsel also advised Smith, in writing, that she believed Smith's arguments to be without merit and directed him to retain another attorney, or file a *pro se* brief with our Court, in the event he disagreed with Counsel's conclusions. No-Merit Letter at 2.

## II. Discussion

Before we can address the validity of Smith's arguments, we must assess the adequacy of Counsel's no-merit letter. Throughout this process, Smith has only sought to challenge the Board's determination that his September 10, 2020 letter was an untimely administrative challenge to its May 12, 2017 decision, as well as the Board's calculation of the maximum date for his March 2004 sentence. For this reason, Counsel appropriately elected to file a no-merit letter in this matter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted).[4] As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's no-merit letter satisfies the aforementioned technical requirements. It contains a recitation of the relevant factual and procedural history, a discussion of the arguments raised by Smith, and a thorough explanation, backed with legal analysis, regarding Counsel's conclusion that none of Smith's arguments establish a legally valid basis for relief. No-Merit Letter at 1-2. Furthermore, Counsel has

---

[4] Counsel must also "notify the parolee of his request to withdraw, furnish the parolee with a copy of the no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 670 (Pa. Cmwlth. 2018).

appropriately provided Smith with copies of her Application and no-merit letter, notified him of her intention to withdraw from this matter, and informed Smith of his right to hire another lawyer to represent him in this matter or to represent himself *pro se*. *Id.* at 2, Certificate of Service; Motion to Withdraw ¶9, Certificate of Service.

Under normal circumstances, we would now move on to considering the substantive merits of Smith's Petition for Review. However, we need not do so here, due to the jurisdictional problem created by the untimeliness of Smith's September 10, 2020 letter to the Board.[5] By law, a prisoner who wishes to challenge a parole revocation decision must do so by filing their administrative remedies form with the Board no later than 30 days after that decision's mailing date. *See* 61 Pa. C.S. § 6113(d); 37 Pa. Code § 73.1(a)(1), (b)(1). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). "Where a prisoner fails to meet this deadline, this court has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Here, Smith sent his letter to the Board nearly 41 months after it had issued its May 12, 2017 decision, well after the administrative appeal window had closed. In doing so, Smith provided no explanation to the Board for why he had waited so long to respond to its decision; rather, he merely indicated that he believed that a "discrepancy" existed with regard to how his credit for time served since 2014 had

---

[5] We note that Counsel neglected to address whether Smith's Petition for Review was filed with this Court in a timely manner, despite the fact that we expressly directed her to do so through our January 14, 2022 order. Nevertheless, Counsel's failure to comply does not impede us from disposing of this appeal on the above-mentioned basis, as the question of whether Smith's Petition for Review was filed within the 30-day appeal window has no bearing on whether Smith's September 10, 2020 letter to the Board was itself timely.

6

been treated and asked the Board for information regarding how that credit had been allocated between his March 2004 and February 2017 sentences. *See id.* at 193. As such, the Board properly deemed Smith's September 10, 2020 letter to be untimely, to the extent this letter could be considered an administrative challenge to its May 12, 2017 decision, and correctly dismissed the letter on that basis.

### III. Conclusion

In accordance with the foregoing analysis, we affirm the Board's October 20, 2021 order and, in addition, grant Counsel's Application.[6]

_____
ELLEN CEISLER, Judge

---

[6] Despite this outcome, we are compelled to point out that the Board, through its May 12, 2017 decision, unlawfully revoked 64 days of street time credit that the Board had previously given Smith when it recommitted him as a technical parole violator in 2011. *See* C.R. at 51-53, 189. This was improper, because the Board cannot reach back into previous parole periods to retroactively strip an individual of such time credit. *See Penjuke v. Pa. Bd. of Prob. & Parole,* 203 A.3d 401 (Pa. Cmwlth. 2019). We have no jurisdiction to remedy the Board's mistake, because Smith failed to administratively challenge the Board's May 12, 2017 decision in a timely way.

We note, however, that the Board has inherent authority to "correct typographical, clerical, and mechanical errors obviated and supported by the record. It may likewise correct factual errors which are not in dispute, and indeed even factual misconceptions." *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Rev.*, 309 A.2d 165, 167 (Pa. Cmwlth. 1973). As such, the Board can, and should, act on its own motion to correct obvious errors that exist in a decision it has issued, even if, as in Smith's situation, the affected inmate did not file a timely administrative remedies form and, thus, gave up their ability to challenge that decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Smith,                 :
          Petitioner       :
                          :
        v.                 :  No. 1320 C.D. 2021
                          :
Pennsylvania Parole Board,     :
          Respondent     :

**O R D E R**

AND NOW, this 21st day of September, 2022, it is hereby ORDERED that Respondent Pennsylvania Parole Board's October 20, 2021 order is AFFIRMED. It is FURTHER ORDERED that Meghann E. Mikluscak, Esquire's Application for Leave to Withdraw Appearance is GRANTED.

_____
ELLEN CEISLER, Judge